UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>CALVIN RAY KENNEDY a/k/a<br>C. RAY KENNEDY and<br>CYNTHIA M. KENNEDY,<br><br>Debtors. | CASE NO. 20-30208<br>CHAPTER 11 |

## RESPONSE AND OBJECTION BY WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II TO DEBTORS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, ET AL. AND MOTION FOR PROTECTIVE ORDER

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II (hereinafter "Wilmington Savings"), by and through counsel, hereby responds and objects to the Debtors' Interrogatories and Request for Production of Documents and moves the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as made applicable by Rules 9014 and 7026 of the Federal Rules of Bankruptcy Procedure and respectfully shows as follows:

1.   Wilmington Savings is the Owner Trustee for Residential Credit Opportunities Trust II, a commercial mortgage backed securities trust.

2.   On March 4, 2022, Wilmington Savings filed an Application for Attorneys' Fees and Expenses (doc #133).

3.   On March 19, 2022, the Debtors filed a Response and Request for Hearing (doc #135) on the Application of Wilmington Savings.

4.   On May 12, 2022, the Debtors prepared and purportedly served certain discovery requests on Wilmington Savings. In particular, the Debtors prepared and served Interrogatories and Request for Production of Documents on Wilmington Savings by regular mail. A true copy of the Debtors' Interrogatories and Request for Production of Documents, et al. is appended hereto, identified as "Exhibit 1," and the same is incorporated herein by reference.

5.   The Interrogatories include seventeen (17) questions and one blanket Request for Production for all documents identified in response to the Interrogatories.

6. In addition to the foregoing, Wilmington Savings objects to the Debtors' Interrogatories and Request for Production of Documents for various reasons. Each basis is summarized as follows:

**Part I.** Attorney-Client Privilege and Work-Product Doctrine.

i. Various interrogatories including Nos. 4, 5, 6 and 7 involve communications that occurred between counsel and various employees of the servicer and the servicer's in-house counsel. These communications also involve emails, drafts of pleadings and memos between the undersigned counsel, in-house counsel and the officers of the servicer.
ii. The information requested by the Debtors is protected based on attorney-client privilege communication and work-product doctrine.
iii. Though they both operate to protect information from discovery, the attorney-client privilege and work-product doctrine serve different purposes. The purpose behind the attorney-client privilege is "to encourage clients to make full disclosure of facts to counsel so that he may properly, competently, and ethically carry out his representation. The ultimate aim is to promote the proper administration of justice." *In re Impounded,* 241 F.3d at 316 (3rd Cir. 1988)(quoting *In re Grand Jury Proceedings,* 604 F.2d 798, 802 (3d Cir. 1979)). The work-product doctrine, by contrast, 'promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Protecting attorneys' work product promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients." *Westinghouse Elec. Corp. v. Republic of the Phil.,* 951 F.2d 1414, 1428 (3d Cir.1991) (citations omitted).
iv. Wilmington Savings objects to the production of internal communications by and between undersigned counsel, in-house counsel and employees of the servicer as these also seek privileged information.
v. North Carolina State Courts have long recognized these privileges. The protection is allowed not only for materials prepared after the other party has secured an attorney, but those prepared under circumstances in which a reasonable person might anticipate a possibility of litigation." *Willis v. Power Co.,* 291 N.C. 19, 35, 229 S.E.2d 191, 201 (1976). Further, the communications between Wilmington Savings and Hutchens Law Firm are protected under attorney-client privilege. The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable counsel to give sound and informed advice. *Upjohn Co. v. United States,* 449 U.S. 390, 66 L.Ed.2d 592, 101 S. Ct. 677 (1981).
vi. "The protection given to communications between attorney and client apply equally to in-house counsel" *Upjohn Co. v. United States,* 499 U.S. 383, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981).

**Part II.** Unduly Burdensome and Seeks Proprietary Information.

i. This request is based on Rule 26(c) of the Federal Rules of Civil Procedure which provides, in pertinent part, as follows" "A party or any person from whom

  discovery is sought may move for a protective order in court where the action is pending. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

ii. Paragraphs 8, 9 and 10 of the Interrogatories and the Request for Production of Documents ask for a copy of the loan servicing agreement and retainer agreement with the servicer or PHH Mortgage Corporation and Hutchens Law Firm LLP. The loan servicing agreement and retainer agreement are proprietary documents and there is no beneficial advantage or disadvantage in producing the same. Simply put, the owner and holder of the Note is entitled to recover all fees and expenses allowed by operation of the loan documents and as allowed by this Court. This amount has been determined in the Plan which has been confirmed.

iii. Wilmington Savings objects to Paragraphs 8 and 16 as the loan servicing agreements contain proprietary information and requests to produce such agreements are unduly burdensome. The Debtors are not parties to the servicing agreement or retainer agreement. *Wilmington Sav. Fund Soc'y, FSB v. Ty Bowling & Asset Acceptance, LLC*, 39 N.E.3d 395, 399 (2015).

iv. State Courts have long recognized that Protective Orders may be issued to prevent disclosure of confidential information. *Harrington Mfg. Co., Inc. v. Powell Mfg. Co., Inc.*, 26 N.C. App. 414, 216 S.E.2d 279, cert *denied*, 288 N.C. 242, 217 S.E.2d 679 (1975). Courts will grant a protective order when the scope far exceeds the documents relevant to the action and were unduly burdensome. *Powers v. Parisher*, 104 N.C. App. 400, 409 S.E.2d 725 (1991), *disc. review denied*, 331 N.C. 286, 417 S.E.2d 254 (1992).

v. Federal Courts have long recognized that Protective Orders may be issued to prevent disclosure of confidential information. See *Blue Cross & Blue Shield v. Jemsek Clinic, P.A. (In re Jemsek Clinic, P.A.)* 2013 Bankr. LEXIS 3121 (Bankr. W.D.N.C. 2013); *Shell Trademark Mgmt. BV v. Ray Thomas Petroleum Co.*, 2009 U.S. Dist. LEXIS 143024 (W.D.N.C. 2009); and *Stephenson v. Atrium Health, Inc.* 2021 U.S. Dist. LEXIS 222536 (W.D.N.C. 2021).

vi. Wilmington Savings affirmatively states that: (1) the servicer receives a standard compensation or set fee once an account is referred to special loan servicing and (2) the servicer does not share in any fees recovered for default rate of interest or other fees. These are all paid to the owner of the Note.

vii. Based on the foregoing, Wilmington Savings objects to the production of any servicing agreement and the retainer agreement with Hutchens Law Firm LLP.

**Part III.** Relevancy.

i. The documents requested are not relevant to the issues regarding whether Wilmington Savings' Application should be allowed. Furthermore, the Debtors do have a recourse to object to the fees. They can produce evidence that the times spent by counsel for Wilmington Savings was simply too much or, at least, what would be unreasonable under the circumstances.

    ii. Absent such evidence by the Debtors, the Objection fails. *In re Blackwood Assocs., L.P.*, 165 B.R. 108, 111-12 (Bankr. E.D.N.Y. 1994)(emphasis added) (internal quotations and citations omitted); see also *3 Collier on Bankruptcy* ¶ 330.03[5][d], at 330-32 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014) ("A party objecting to the amount of time spent on services has the burden of proving that too much time was spent and cannot merely allege a general dissatisfaction with the results.").

    iii. Should the Debtors object to certain time entries, Wilmington Savings will respond and if the Court deems that it is excessive or unreasonable, the fees will be limited.

**Part IV.** Vehicle for Improper Purpose.

    i. Simply put, the Debtors are attempting to gauge intent of various employees of the servicer and arguably counsel to determine if their intent was improper or wrongful. Put a different way, the Debtors are trying to get the Court to subjectively determine when an attorney was too aggressive based solely on their view of how the litigation ensued. This is not a basis to object to Wilmington Savings' Application.

    7. Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure as made applicable by Rules 9014 and 737 of the Federal Rules of Bankruptcy Procedure, counsel represents that he has in good faith conferred or attempted to confer with counsel for the Debtors to make the discovery effort to secure the information or material without Court action.

    WHEREFORE, Wilmington Savings prays the Court as follows:

    1. That this Court grant Wilmington Savings a Protective Order which provides, in part, that Wilmington Savings is not required to respond to the Interrogatories or the Requests for Production of Documents as set forth herein;

    2. That the Court hold a hearing on this matter; and

    3. For such other and further relief as the Court may deem just and proper.

This the ___19___ day of July, 2022.

                        HUTCHENS LAW FIRM LLP
                        Attorneys for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II

                        By: _____
                        William Walt Pettit
                        NC Bar No.: 9407

6230 Fairview Road, Suite 315
Charlotte, NC 28210
Telephone: (704) 362-9255
Telecopier: (704) 362-9268
Email: walt.pettit@hutchenslawfirm.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 20-30208 |
| CALVIN RAY KENNEDY ) | Chapter 11 |
| CYNTHIA M. KENNEDY ) | |
| ) | |
| Debtors. | |

### DEBTORS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTINA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II

NOW COME the Debtors Calvin R. Kennedy and Cynthia M. Kennedy ("Debtors"), by and through the undersigned counsel, and pursuant Rules 7033, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure submit to WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTINA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II ("Wilmington") the following Interrogatories and Requests for Production of Documents. These Interrogatories should be answered fully and separately in writing under oath and should be signed by the person(s) answering them. The answers to these Interrogatories must be served within thirty (30) days of the date of service of this discovery request.

In answering these Interrogatories you must furnish all information that is available to you as well as knowledge or information of your agents, representative, affiliates, attorneys or employees.

In addition, the documents requested herein, or copies thereof, shall be produced to The Henderson Law Firm, PLLC no later than thirty (30) days after service of this document

Please take notice that you are required to serve a written response to these requests for production of documents within thirty (30) days from the date of service hereof. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

These continuing Interrogatories and production requests require supplemental answers to the extent set forth in Rule 26 of the Rules of Civil Procedure. You have a duty to supplement these answers with information that augments or modifies any answer hereto.

Please read the Definitions below, which explain the meaning and scope of certain recurring words in the Interrogatories and production requests. These Definitions should be construed as incorporated into each Interrogatory and production request. Please also read and follow the Instructions, which should also be construed as incorporated into each Interrogatory and production



request and which are intended to assist the responding party in answering the Interrogatories and production requests fully, as intended.

## DEFINITIONS

For the purpose of these Interrogatories and production requests, the following words will have the following meaning:

A. "Account" shall mean PHH loan number 7129034836.

B. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive.

C. "Application" means the Application of Wilmington for Attorney's Fees and Expenses, filed herein on March 4, 2022.

D. "Christiana" means the Christiana Trust, a division of Wilmington, and any employees, agents and representatives thereof.

E. "Communication" shall mean memorializations or oral communications intended to or actually effecting communication between two or more persons or entities.

F. "Contested matter" means the Application of Wilmington for Attorney's Fees and Expenses, filed herein on March 4, 2022, and the Objection of the Debtors thereto.

G. "Document" is intended to encompass the word document as well as every other item or medium consisting of or capable of being translated into letters, words, or numbers or their equivalents, or consisting of or capable of being transferred into graphic or visual representatives, however produced or reproduced, however stored or maintained.

H. "HLF" shall mean the Hutchens Law Firm.

I. "Identify" or "identification" when used in reference to an individual person or legal entity mean to state his, her or its name, present or last known address, telephone area code and number, and present or last known position or business affiliation. "Identify" and "identification" when used in reference to a memorialization, mean to state the type of document (e.g., letter, memorandum, telegram, chart, dictatape, punch card, computer tape, etc.), date, author, addressee, title, file and identifying number or symbol, and the name of its custodian. If any such document is no longer in your possession or subject to your control, state what disposition was made of it and the date thereof.

J. "PHH" shall mean PHH Mortgage Services, and any employees, agents and representatives thereof.

K. "RCOT" shall mean the Residential Credit Opportunities Trust, II.

L. "Wilmington", "you" or "your" *shall collectively mean* WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTINA TRUST, NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II and the Cristiana Trust, a division thereof.

## INSTRUCTIONS

A. The singular and masculine form of any noun or pronoun shall apply to any person or persons.

B. If a time period is not stated for an Interrogatory, the time period shall be from January 1, 2020 to the present.

C. When these Interrogatories require you to identify a person, provide the person's name, address, phone number, and business affiliation.

D. When these Interrogatories require you to identify an oral communication, provide the date, subject, names or the maker(s) and the recipient(s), and an identification of all attachments and enclosures.

E. When these Interrogatories require you to identify an oral communication, provide the date, time, place, subject and method of the communication and parties present for the communication. If there was a document relevant to the communication (such as a confirming letter for a telephone call), it should be identified as well.

F. If you object to any portion of an Interrogatory or production request, you are requested to answer the portion of the Interrogatory or production request to which you do not object and/or to answer to the extent that the Interrogatory or production request is not or would not be objectionable, in an effort to minimize the need to seek sanctions where discovery differences can be worked out

G. Whenever a response includes information that was fully and completely furnished in response to a previous Interrogatory in this set, you may identify the previous response instead of repeating the information. If not all the previous response is applicable, the applicable section must be identified.

H. You must answer each Interrogatory fully. If, for some reason, your answer is not complete, specify what steps you have taken to obtain the information to respond fully to the Interrogatory.

I. Space has been provided following each Interrogatory and production request in which to place your answer. If additional space is needed, please continue your answer on supplemental sheets following each Interrogatory and production request.

J. If any documents requested were at one time in existence but is no longer in existence, please state for each such document:

    (1) The type of document;
    (2) The date upon which it ceased to exist;

  (3) The circumstances under which it ceased to exist;
  (4) The identity of all persons having knowledge of the circumstances under which it ceased to exist; and
  (5) The identity of all persons having knowledge of the contents thereof.

K. Wherever a request calls for the production of a document claimed to be privileged, identify the document and include in the statement of the identity of such document that fact of such claim of privilege and the basis for the assertion of such claim.

## INTERROGATORIES

1. Identify any and all persons who answered or assisted in providing answers to these Interrogatories and Request for Production of Documents.

   **ANSWER:**

2. Identify all persons whom you believe may have knowledge or information relevant to this Contested Matter and the general substance of that knowledge or information.

   **ANSWER:**

3. Identify all persons whom you may call as a witness at any hearing concerning this Contested Matter and state the general substance of the facts to which each such person will testify and identify all documents that you may introduce at hearing.

   **ANSWER:**

4. Identify all internal communications (between your employees or otherwise) regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

5. Identify all communications between you and RCOT regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

6. Identify all communications between you and PHH regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

7. Identify all communications between you and HLF regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

8. Identify any loan servicing agreement you have with PHH regarding or related to the Account.

**ANSWER:**

9. Identify any agreements between you and RCOT regarding or related to the Account.

   **ANSWER:**

10. Identify any agreements you have with HLF regarding or related to the Account.

    **ANSWER:**

11. Identify any invoices or bills for legal fees and/or expenses which you were sent by HLF or PHH which are related to the Account.

    **ANSWER:**

12. Identify any payments you have made to HLF related to the Account, including the date and amount of each payment.

    **ANSWER:**

13. Identify all communications you have sent to the Debtor, including but not limited to correspondence, statements of account, escrow account statements, monthly mortgage statements, and

notices of any kind.

**ANSWER:**

14. Identify all documents concerning the servicing of the Account, including but not limited to account activity statements, including separate accounts that pertain to corporate advances or fees attributable to the Account, together with all instructions or explanations of the format, terms, abbreviations and language used in the payment history.

**ANSWER:**

15. Identify any and all documents that define or limit the discretion of the servicer of the Account, including but not limited to the modification of the Debtors' loan, the invocation of late fees and default interest, the settlement of issues in the Debtors' bankruptcy proceeding, and the pursuit of any guarantors of the Debtors' loan.

**ANSWER:**

16. Identify any and all documents related to the compensation paid or to be paid PHH in connection with its role as servicer of the Account.

**ANSWER:**

17. Identify any and all documents related to the assessment of fees to the Account, including but not limited to return items charges, shortages, assessed expenses, inspection fees, and miscellaneous bankruptcy costs.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Produce any and all documents identified in your responses to the Interrogatories.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **DEBTORS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTINA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II** via email to:

William Walt Pettit    walt.pettit@hutchenslawfirm.com

Dated:   May 12, 2022

**THE HENDERSON LAW FIRM**

/s/James H. Henderson
James H. Henderson
State Bar No. 13536
2030 South Tryon St., Ste. 3H
Charlotte NC 28203
Telephone:    704.333.3444
Facsimile:    704.333.5003
Email:    henderson@title11.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>CALVIN RAY KENNEDY a/k/a<br>C. RAY KENNEDY and<br>CYNTHIA M. KENNEDY,<br><br>Debtors. | CASE NO. 20-30208<br>CHAPTER 11 |

## CERTIFICATE OF SERVICE

I, William Walt Pettit, attorney of record for the undersigned, hereby certify that on the 19 day of July, 2022, I served a copy of the Response and Objection by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its Individual Capacity but Solely as Owner Trustee of Residential Credit Opportunities Trust II To Debtors' Interrogatories and Request For Production Of Documents, et al. and Motion For Protective Order by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

Calvin Ray Kennedy a/k/a C. Ray Kennedy
Cynthia M. Kennedy
4324 Satterwythe Lane
Charlotte, NC 28215

James H. Henderson, Esq.
(by ECF service)

Shelley K. Abel, Esq.
U.S. Bankruptcy Administrator's Office
(by ECF service)

Stacy Cordes, Esq.
(by ECF service)

HUTCHENS LAW FIRM LLP
Attorneys for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II

By: _____
William Walt Pettit
NC Bar No.: 9407
6230 Fairview Road, Suite 315
Charlotte, NC 28210
Telephone: (704) 362-9255
Telecopier: (704) 362-9268
Email: walt.pettit@hutchenslawfirm.com