UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>CALVIN RAY KENNEDY a/k/a<br>C. RAY KENNEDY and<br>CYNTHIA M. KENNEDY,<br><br>Debtors. | CASE NO. 20-30208<br>CHAPTER 11 |

## RESPONSE AND OBJECTION BY PHH MORTGAGE SERVICES TO DEBTORS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PHH MORTGAGE SERVICES AND MOTION FOR PROTECTIVE ORDER

PHH Mortgage Services (hereinafter "PHH"), by and through counsel, hereby objects to the Debtors' Interrogatories and Request for Production of Documents to PHH Mortgage Services and moves the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as made applicable by Rules 9014 and 7026 of the Federal Rules of Bankruptcy Procedure and respectfully shows as follows:

1.      PHH Mortgage Corporation doing business as PHH Mortgage Services acts as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II (hereinafter "Wilmington Savings").

2.      On March 4, 2022, Wilmington Savings filed an Application for Attorneys' Fees and Expenses (doc #133).

3.      On March 19, 2022, the Debtors filed a Response and Request For Hearing (doc #135) on the Application of Wilmington Savings.

4.      On May 12, 2022, the Debtors prepared and purportedly served certain discovery requests on PHH. In particular, the Debtors prepared and served Interrogatories and Request for Production of Documents on PHH by regular mail. A true copy of the Debtors' Interrogatories and Request for Production of Documents, et al. is appended hereto, identified as "Exhibit 1," and the same is incorporated herein by reference.

5.      PHH is not a party in interest in this matter, has not filed a claim or pleading, and has made no appearance in this matter. Accordingly, PHH is not involved in this contested matter and is not subject to being served with discovery requests as provided in Rule 9014 of the Federal Rules of Bankruptcy Procedure. Should the Debtors desire to obtain any information from PHH Mortgage Corporation, they are required to serve PHH Mortgage Corporation with a Subpoena under Rule 45 of the Federal Rules of Civil

Procedure as made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure. Alternatively, the Debtors could have filed a Motion for Rule 2004 Examination of an officer of PHH Mortgage Corporation should they have elected to do so.

6. The Interrogatories include eighteen (18) questions and one blanket Request for Production for all documents identified in response to the Interrogatories.

7. In addition to the foregoing, PHH Mortgage Corporation and PHH also object to the Debtors' Interrogatories and Requests for Production of Documents for various reasons including that they are (1) are privileged communications and involve work-product material, (2) are unduly burdensome, (3) seek proprietary information, and (4) are a vehicle for improper purposes.

8. PHH is entitled to an order from this Court stating that it is not required to respond to the Interrogatories or the Requests for Production of Documents as set forth herein.

9. PHH incorporates the responses to Wilmington Savings's Motion for Protective Order which is filed contemporaneously with the filing of this Objection and Response.

WHEREFORE, PHH prays the Court as follows:

1. That this Court grant PHH a Protective Order which provides, in part, that PHH is not required to respond to the Interrogatories or the Requests for Production of Documents as set forth herein;

2. That the Court hold a hearing on this matter; and

3. For such other and further relief as the Court may deem just and proper.

This the 19 day of July, 2022.

                    HUTCHENS LAW FIRM LLP
                    Attorneys for PHH Mortgage Services

                    By: _____
                    William Walt Pettit
                    NC Bar No.: 9407
                    6230 Fairview Road, Suite 315
                    Charlotte, NC 28210
                    Telephone: (704) 362-9255
                    Telecopier: (704) 362-9268
                    Email: walt.pettit@hutchenslawfirm.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 20-30208 |
| CALVIN RAY KENNEDY ) | Chapter 11 |
| CYNTHIA M. KENNEDY ) | |
| ) | |
| Debtors. ) | |

---

**DEBTORS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PHH MORTGAGE SERVICES**

NOW COME the Debtors Calvin R. Kennedy and Cynthia M. Kennedy ("Debtors"), by and through the undersigned counsel, and pursuant Rules 7033, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure submit to PHH Mortgage Services ("PHH") the following Interrogatories and Requests for Production of Documents. These Interrogatories should be answered fully and separately in writing under oath and should be signed by the person(s) answering them. The answers to these Interrogatories must be served within thirty (30) days of the date of service of this discovery request.

In answering these Interrogatories you must furnish all information that is available to you as well as knowledge or information of your agents, representative, affiliates, attorneys or employees.

In addition, the documents requested herein, or copies thereof, shall be produced to The Henderson Law Firm, PLLC no later than thirty (30) days after service of this document

Please take notice that you are required to serve a written response to these requests for production of documents within thirty (30) days from the date of service hereof. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

These continuing Interrogatories and production requests require supplemental answers to the extent set forth in Rule 26 of the Rules of Civil Procedure. You have a duty to supplement these answers with information that augments or modifies any answer hereto.

Please read the Definitions below, which explain the meaning and scope of certain recurring words in the Interrogatories and production requests. These Definitions should be construed as incorporated into each Interrogatory and production request. Please also read and follow the Instructions, which should also be construed as incorporated into each Interrogatory and production request and which are intended to assist the responding party in answering the Interrogatories and production requests fully, as intended.

**DEFINITIONS**



For the purpose of these Interrogatories and production requests, the following words will have the following meaning:

A. "Account" shall mean PHH loan number 7129034836.

B. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive.

C. "Application" means the Application of Wilmington for Attorney's Fees and Expenses, filed herein on March 4, 2022.

D. "Christiana" means the Christiana Trust, a division of Wilmington, and any employees, agents and representatives thereof.

E. "Communication" shall mean memorializations or oral communications intended to or actually effecting communication between two or more persons or entities.

F. "Contested matter" means the Application of Wilmington for Attorney's Fees and Expenses, filed herein on March 4, 2022, and the Objection of the Debtors thereto.

G. "Document" is intended to encompass the word document as well as every other item or medium consisting of or capable of being translated into letters, words, or numbers or their equivalents, or consisting of or capable of being transferred into graphic or visual representatives, however produced or reproduced, however stored or maintained.

H. "HLF" shall mean the Hutchens Law Firm.

I. "Identify" or "identification" when used in reference to an individual person or legal entity mean to state his, her or its name, present or last known address, telephone area code and number, and present or last known position or business affiliation. "Identify" and "identification" when used in reference to a memorialization, mean to state the type of document (e.g., letter, memorandum, telegram, chart, dictatape, punch card, computer tape, etc.), date, author, addressee, title, file and identifying number or symbol, and the name of its custodian. If any such document is no longer in your possession or subject to your control, state what disposition was made of it and the date thereof.

J. "PHH", "you" and "your" shall mean PHH Mortgage Services, and any employees, agents and representatives thereof.

K. "RCOT" shall mean the Residential Credit Opportunities Trust, II.

L. "Wilmington" *shall collectively mean* WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTINA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II and the Cristiana Trust, a division thereof.

## INSTRUCTIONS

A. The singular and masculine form of any noun or pronoun shall apply to any person or persons.

B. If a time period is not stated for an Interrogatory, the time period shall be from January 1, 2020 to the present.

C. When these Interrogatories require you to identify a person, provide the person's name, address, phone number, and business affiliation.

D. When these Interrogatories require you to identify an oral communication, provide the date, subject, names or the maker(s) and the recipient(s), and an identification of all attachments and enclosures.

E. When these Interrogatories require you to identify an oral communication, provide the date, time, place, subject and method of the communication and parties present for the communication. If there was a document relevant to the communication (such as a confirming letter for a telephone call), it should be identified as well.

F. If you object to any portion of an Interrogatory or production request, you are requested to answer the portion of the Interrogatory or production request to which you do not object and/or to answer to the extent that the Interrogatory or production request is not or would not be objectionable, in an effort to minimize the need to seek sanctions where discovery differences can be worked out

G. Whenever a response includes information that was fully and completely furnished in response to a previous Interrogatory in this set, you may identify the previous response instead of repeating the information. If not all the previous response is applicable, the applicable section must be identified.

H. You must answer each Interrogatory fully. If, for some reason, your answer is not complete, specify what steps you have taken to obtain the information to respond fully to the Interrogatory.

I. Space has been provided following each Interrogatory and production request in which to place your answer. If additional space is needed, please continue your answer on supplemental sheets following each Interrogatory and production request.

J. If any documents requested were at one time in existence but is no longer in existence, please state for each such document:

    (1) The type of document;
    (2) The date upon which it ceased to exist;
    (3) The circumstances under which it ceased to exist;
    (4) The identity of all persons having knowledge of the circumstances under which it ceased to exist; and
    (5) The identity of all persons having knowledge of the contents thereof.

K. Wherever a request calls for the production of a document claimed to be privileged, identify the document and include in the statement of the identity of such document that fact of such claim of privilege and the basis for the assertion of such claim.

## INTERROGATORIES

1. Identify any and all persons who answered or assisted in providing answers to these Interrogatories and Request for Production of Documents.

   **ANSWER:**

2. Identify all persons whom you believe may have knowledge or information relevant to this Contested Matter and the general substance of that knowledge or information.

   **ANSWER:**

3. Identify all persons whom you may call as a witness at any hearing concerning this Contested Matter and state the general substance of the facts to which each such person will testify and identify all documents that you may introduce at hearing.

   **ANSWER:**

4. Identify all internal communications between your employees, including but not limited to the communications of and between Aracely Salazar Castillo, M. Abernathy, J. Butera, S. Dean-Bass, K. Arthur, J. Israel, J. Renger, B. Verdooren, J. Keane, A. Del Vecchio, regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

5. Identify all communications between you and RCOT regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

6. Identify all communications between you and Wilmington regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

7. Identify all communications between you and HLF regarding the Account and the Application; state the date, time, method and parties to each communication.

**ANSWER:**

8. Identify any loan servicing agreement or pooling and servicing agreement between you have with Wilmington, Christiana, and/or RCOT regarding or related to the Account.

**ANSWER:**

9. Identify any agreements between you and RCOT regarding or related to the Account.

**ANSWER:**

10. Identify any agreements you have with HLF regarding or related to the Account.

**ANSWER:**

11. Identify any invoices or bills for legal fees and/or expenses which you were sent by HLF which are related to the Account.

**ANSWER:**

12. Identify any payments you have made to HLF related to the Account, including the date and amount of each payment.

**ANSWER:**

13. Identify all communications you have sent to the Debtor, including but not limited to correspondence, statements of account, escrow account statements, monthly mortgage statements, and notices of any kind.

**ANSWER:**

14. Identify all documents concerning the servicing of the Account, including but not limited to account activity statements, including separate accounts that pertain to corporate advances or fees attributable to the Account, together with all instructions or explanations of the format, terms, abbreviations and language used in the payment history.

**ANSWER:**

15. Identify any and all documents that define or limit your discretion as the servicer of the Account, including but not limited to the modification of the Debtors' loan, the invocation of late fees and default interest, the settlement of issues in the Debtors' bankruptcy proceeding, and the pursuit of any guarantors of the Debtors' loan.

**ANSWER:**

16. Identify any and all documents related to the compensation paid or to be paid PHH in connection with its role as servicer of the Account.

**ANSWER:**

17. Identify any and all documents related to the assessment of fees to the Account, including but not limited to return items charges, shortages, assessed expenses, inspection fees, and miscellaneous bankruptcy costs.

**ANSWER:**

18. Identify all communications between HLF and third parties (non-clients) concerning the Account and the Debtors' bankruptcy proceeding.

**ANSWER:**

19. With respect to any of your employees who were involved in any manner with the Debtors' Account and bankruptcy proceeding, including but not limited to Aracely Salazar Castillo, M. Abernathy, J. Butera, S. Dean-Bass, K. Arthur, J. Israel, J. Renger, B. Verdooren, J. Keane, and A. Del Vecchio, provide:

   a. The full name of such employee;
   b. The employee's job title;
   c. The employee's duties and responsibilities with respect to the Account;
   d. Contact information, including physical and email address.

   **ANSWER:**

### REQUEST FOR PRODUCTION OF DOCUMENTS

Produce any and all documents identified in your responses to the Interrogatories.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **DEBTORS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PHH MORTGAGE SERVICES** via email to:

William Walt Pettit    walt.pettit@hutchenslawfirm.com

Dated:   May 12, 2022

**THE HENDERSON LAW FIRM**

/s/James H. Henderson
James H. Henderson
State Bar No. 13536
2030 South Tryon St., Ste. 3H
Charlotte NC 28203
Telephone:    704.333.3444
Facsimile:    704.333.5003
Email:    henderson@title11.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>CALVIN RAY KENNEDY a/k/a<br>C. RAY KENNEDY and<br>CYNTHIA M. KENNEDY,<br><br>Debtors. | CASE NO. 20-30208<br>CHAPTER 11 |

## CERTIFICATE OF SERVICE

I, William Walt Pettit, attorney of record for PHH Mortgage Services, hereby certify that on the __18__ day of July, 2022, I served a copy of the Response and Objection By PHH Mortgage Services To Debtors' Interrogatories and Request For Production of Documents to PHH Mortgage Services by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

Calvin Ray Kennedy a/k/a C. Ray Kennedy
Cynthia M. Kennedy
4324 Satterwythe Lane
Charlotte, NC 28215

James H. Henderson, Esq.
(by ECF service)

Shelley K. Abel, Esq.
U.S. Bankruptcy Administrator's Office
(by ECF service)

Stacy Cordes, Esq.
(by ECF service)

HUTCHENS LAW FIRM LLP
Attorneys for PHH Mortgage Services

By: _____
William Walt Pettit
NC Bar No.: 9407
6230 Fairview Road, Suite 315
Charlotte, N.C. 28210
Telephone: (704) 362-9255
Email: walt.pettit@hutchenslawfirm.com