UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | |
| CALVIN RAY KENNEDY a/k/a<br>C. RAY KENNEDY and<br>CYNTHIA M. KENNEDY, | CASE NO. 20-30208<br>CHAPTER 11 |
| Debtors. | |

## RESPONSE TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 1127(e) and (f) FOR ORDER MODIFYING CONFIRMED PLAN, ET AL.

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II (hereinafter "Wilmington Savings"), by and through counsel, hereby responds and objects to the Debtors' Motion Pursuant To 11 U.S.C. §1127(e) and (f) for Order Modifying Confirmed Plan By Extending Time Periods To Pay Holders of Claims in Class 2 (Wilmington Savings) and Class 6 (Essendant Corporation) (doc #237)(hereinafter "Motion to Modify Confirmed Plan"), objects to the same and respectfully shows as follows:

**PART I. Background.**

1. As shown by the record herein, the Debtors filed a petition under Chapter 11 of Title 11 of the United States Code on February 19, 2020. After filing a number of Plans, the Debtors filed a Second Amended Plan of Reorganization on December 12, 2021 (doc #119).

2. Wilmington Savings thereafter timely filed an Objection to Confirmation of Plan.

3. The Plan was subsequently confirmed by that Order Confirming Plan of Reorganization (doc #126) entered on January 28, 2022.

4. As noted in paragraphs 4 and 6 of the Order Confirming Plan of Reorganization, the Debtors and Wilmington Savings engaged in extended negotiations over a number of years.

1

Based on these parties' agreement, Wilmington Savings withdrew its Objection to Confirmation and voted in favor of the Plan.

5. One of the terms was that the Debtors would pay all allowed attorneys' fees and expenses within sixty (60) days from the date of entry of any final Order which allowed those fees.

6. Wilmington Savings timely filed an Application for Compensation of Attorneys' Fees and Expenses which was contested by the Debtors. After filing a number of Memorandums and Responses by Wilmington Savings and the Debtors, the Court heard the Application on August 17, 2023 and entered an Order on December 7, 2023 (doc #221).

7. As shown by the record herein, this Court entered an Order Awarding Lender's Attorney's Fees Under Section 506(b) In Part, Denying, In Part allowed fees and expenses in the total sum of $71,627.85. Because the Debtors failed to pay the allowed fees within sixty (60) days or on or before February 7, 2024, counsel for Wilmington Savings sent a notice of default as required by the Second Amended Plan to the parties entitled to notice. A true copy of the letter/notice dated February 9, 2024 is appended hereto, identified as "Exhibit 1," and the same is incorporated herein by reference.

8. Upon receiving notice that the property located at 16701 Northcross Drive, Charlotte, North Carolina (hereinafter "Northcross Property") had been damaged, counsel for Wilmington Savings sent a second letter/notice on February 15, 2024 which requested information about the damage to the Northcross Property. A true copy of the letter/notice dated February 15, 2024 is appended hereto, identified as "Exhibit 2," and the same is incorporated herein by reference.

9. Subsequent to the letter/notice dated February 15, 2024, Wilmington Savings first became aware that Rumsey Construction and Renovation, LLC had filed a civil action in State Court and requested a money judgment in the sum of $150,747.45 plus attorneys' fees and Claim

of Lien. The Claim of Lien asserts a materialman's and repairman's lien against the Northcross Property.

10. As a result of the Debtors' failure to pay the allowed attorneys' fees timely and the Debtors' failure to respond to the request for information which all were defaults under the Note and Security Agreement or Amended Plan as confirmed, counsel for Wilmington Savings sent a demand letter to the Debtors and their counsel on February 23, 2024, true copies of which are appended hereto, identified as "Exhibits 3 and 4," and the same are incorporated herein by reference.

11. The Debtors' Motion to Modify Confirmed Plan filed on March 1, 2024 provided yet additional information as to the damage to the Northcross Property. It appears that the damage was not small or isolated and that the Debtors were billed $756,298.00 for the costs of repairs. The insurance carrier purportedly paid $413,838.95 toward the repairs.

12. Subsequent to the Status Conference on March 5, 2024, counsel for Wilmington Savings sent another notice/demand letter on March 11, 2024 to the Debtors and their counsel which set forth each event of default. A true copy of the notice/demand letter is appended hereto, identified as "Exhibit 5," and same is incorporated herein by reference.

13. A response was not made to the February 15, 2024 letter until March 12, 2024. The response included documents which showed yet additional defaults under the Loan and Security Agreement.

14. Based on the Note, Loan and Security Agreement and Deed of Trust, the Debtors were required to obtain adequate casualty and liability insurance and Wilmington Savings was required to be noted as a first mortgagee under each policy. The documents provided by the Debtors showed that the policy named Ramsey-Peele Corp. as the insured and that Wilmington Savings was not noted a first mortgagee thereunder.

3

15. The documents provided on March 12, 2024 also disclosed a number of checks were remitted to Ramsey-Peele Corp. and these funds have yet to be forwarded to Wilmington Savings.

16. While each default under the Loan and Security Agreement is a serious matter, Wilmington Savings represents that there are four (4) post-petition issues which are very serious issues. They are as follows:

1. The failure by the Debtors to inform Wilmington Savings of damage to the Northcross Property in June, 2023 until February, 2024; and

2. The failure of the Debtors to pay any of the proceeds from the insurance company to Wilmington Savings notwithstanding the terms of the Loan and Security Agreement and acknowledge receiving over $413,000.00 which was purportedly paid to the builder; and

3. The filing of a civil action and Claim of Lien by Rumsey Construction and Renovation, LLC involving the Northcross Property. Again, the Debtors were required to notify Wilmington Savings of this action but which was filed on December 29, 2023 but only received this information by searching the public records regarding the filing within the last couple of weeks; and

4. The failure by the Debtors to acquire and maintain adequate casualty insurance with Wilmington Savings noted as a first mortgagee under each policy.

17. The Second Amended Plan of Reorganization (doc #119) provided on page 10 that all the loan documents executed by and between Wilmington Savings and the Debtors would be enforceable subsequent to the effective date of the Plan. Thus, the Debtors were obligated to provide the notices and forward the funds received from the insurance company to Wilmington Savings; and

**PART II. <u>Modification of Confirmed Plan.</u>**

18. While the Debtors claim that the damage to the Northcross Property is a substantial and unanticipated change, this loss did not occur until June, 2023. Yet, the Debtors have not escrowed any funds to pay any attorneys' fees and expenses of Wilmington Savings notwithstanding that Wilmington Savings was likely to be awarded some amount.

19. The Plan as Confirmed and the treatment of Wilmington Savings by the Debtors was negotiated. Accordingly, it appears that the parties will now have to litigate the confirmation issues as set forth in Wilmington Savings' Objection to Confirmation of Plan.

20. The Debtors' Motion to Modify Confirmed Plan also does not deal with the post confirmation defaults as noted in the various letters attached hereto and the matters set forth herein. Wilmington Savings suggests that it is not permissible for the Court to "rewrite" the terms of a Note, Loan and Security Agreement and Deed of Trust to modify and cure post-confirmation defaults. Furthermore, Wilmington Savings argues that any such revision would not be in accordance with 11 U.S.C. § 1127(e).

**PART III. <u>Attorneys' Fees.</u>**

21. As previously noted, the Court by prior Order allowed Wilmington Savings' attorneys' fees and expenses in part. The Court declined to award "fees on fees" or for the time to litigate the Application for fees as amended.

22. However, because of the Debtors' default post-petition of the terms of the Second Amended Plan, Order Confirming Plan, the Note, Loan and Security Agreement and Deed of Trust, Wilmington Savings believes that it is entitled to recover all fees and expenses incurred in litigating the Application for Fees and Expenses and for litigating the Debtors' Motion to Modify Confirmed Plan. Because of the defaults, Wilmington Savings has been granted relief from the

automatic stay to pursue its state court remedies. See paragraph 3.2(e) of the Second Amended Plan of Reorganization.

23. Wilmington Savings requests that the Court order that it is entitled to recover all fees and expenses incurred in litigating the Application for Attorneys' Fees and Expenses and in responding to the Motion to Modify Confirmed Plan.

WHEREFORE, Wilmington Savings prays the Court as follows:

1. That the Court deny the Debtors' Motion to Modify Confirmed Plan;

2. That the Court determine that Wilmington Savings was previously granted relief from the automatic stay provisions of 11 U.S.C. § 362(a) and is entitled to proceed with its state court remedies for the various defaults by the Debtors;

3. That the Court determine that Wilmington Savings is entitled to have and recover all fees and expenses incurred in litigating the Application for Fees and Expenses and in responding to the Motion to Modify Confirmed Plan; and

4. For such other and further relief as the Court may deem just and proper.

This the 15 day of March, 2024.

          HUTCHENS LAW FIRM LLP
          Attorneys for Wilmington Savings Fund Society, FSB d/b/a
          Christiana Trust, not in its individual capacity but solely as
          Owner Trustee of Residential Credit Opportunities Trust II

          By: /s/ William Walt Pettit
          William Walt Pettit
          NC Bar No.: 9407
          6230 Fairview Road, Suite 315
          Charlotte, N.C. 28210
          Telephone: (704) 362-9255
          Email: walt.pettit@hutchenslawfirm.com



# HUTCHENS
## — LAW FIRM —

### HIGH PERFORMANCE LAW™

William Walt Pettit | Partner, Attorney at Law
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC
6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

**VIA EMAIL**

February 9, 2024

Calvin R. Kennedy
raykennedy@ramsey-peele.com

Cynthia Kennedy
cykennedy@valueinnovationtech.com

ucdc88@gmail.com



James H. Henderson
henderson@title11.com

    RE:    Notice of Default under Second Amended Plan of Reorganization and Order Confirming Plan of Reorganization

Folks:

As you are aware, we represent Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II ("Wilmington Savings") in the Chapter 11 proceeding filed by Calvin R. Kennedy and Cynthia M. Kennedy, case #20-30208. The Second Amended Plan was confirmed by the Order Confirming Plan of Reorganization filed on January 28, 2022. The Second Amended Plan provided in paragraph b on page 10 that any legal fees and expenses allowed by the Court would be due and payable sixty (60) days after the entry of a Final Order. The Final Order was entered on December 7, 2023 and thus the fees and expenses were required to be paid by February 7, 2024.

Accordingly, ten (10) days notice is hereby given that Calvin R. Kennedy and Cynthia M. Kennedy have failed to pay the allowed fees and expenses in the total sum of $71,627.85 on or before February 7, 2024. This default may be cured by remitting the total allowed fees and expenses within ten (10) days from the date of this letter/notice. In the event the default is not cured or the sum of 71,627.85 is not paid to Wilmington Savings within ten (10) days from the

date hereof, Wilmington Savings will be entitled to pursue its remedies as provided in the Note, Loan Agreement and Deed of Trust.

With best regards, I am

Very truly yours,
HUTCHENS LAW FIRM LLP

William Walt Pettit

WWP/drs
Enclosures



## HIGH PERFORMANCE LAW™

William Walt Pettit | Partner, Attorney at Law
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC

6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

<u>**VIA EMAIL**</u>
henderson@title11.com

February 15, 2024



James H. Henderson, Esq.
The Henderson Law Firm
1120 Greenwood Cliff
Charlotte, NC 28204

    RE:    Calvin Ray Kennedy a/k/a C. Ray Kennedy and Cynthia M. Kennedy
             Case No.: 20-30208 (Chapter 11)

Dear Jim:

       This letter is to confirm receipt of your email on February 12, 2024 regarding damage to the real property located at 16701 Northcross Drive, Charlotte, North Carolina (Northcross Property). Your email notes that, as I was aware, the Northcross Property was closed from June, 2023 through January, 2024 due to storm damage. Although that I was informed that a property had suffered damage, I was not aware which property was damaged and only acquired this information in the last couple of weeks. I do not recall receiving anything in writing and thus would appreciate your forwarding any documents that you have which relays this information. Based on the information from my client, Wilmington Saving Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II (Wilmington Savings), Wilmington Savings was not aware of this loss either.

       The Loan and Security Agreement (Agreement) requires that Calvin Ray Kennedy and Cynthia M. Kennedy (Kennedys), upon suffering a loss or damage to a property, provide the following:

    (1) Timely provide Wilmington Savings with notice of the loss (See paragraph 9.02(b)(4));
    (2) Submit to Wilmington Savings any contracts or work orders related to the repair of the
        Northcross Property (See paragraph 6.02(b)(6));

(3) Permit Wilmington Savings or its representatives to inspect the Northcross Property upon normal business hours to determine the nature and extend of the loss (See paragraph 6.02(d)(1)(a));
(4) Provide Wilmington Savings with immediate written notice of receipt of any insurance proceeds (See paragraph 9.02(b)(3)); and
(5) Forward all proceeds received from any insurance company to Wilmington Savings to be applied as set forth in the Agreement (See paragraph 9.02(b)(5)).

Based on the foregoing, Wilmington Savings hereby requests as follows:

(1) That you provide Wilmington Savings with a copy all documents showing the date of the loss or damage to the Northcross Property and all documents submitted to the insurance company;
(2) That you forward a copy of all contracts and work orders related to the repair of the Northcross Property;
(3) That you permit Wilmington Savings or its representatives to inspect the Northcross Property upon normal business hours to determine the nature and extent of the loss or damage;
(4) That you provide Wilmington Savings with a copy of all documents which show all proceeds received from the insurance carrier including a copy of each check or draft; and
(5) That you forward all proceeds received from the insurance company to Wilmington Savings to be applied as provided in the Agreement.

Please have these documents forwarded to me as counsel for Wilmington Savings within the next ten (10) days from the date of this letter. Until this information is received, Wilmington Savings will not be in a position to respond to your email sent on February 12, 2024. Thus, the Kennedys remain obligated to comply with the terms of the Plan as confirmed and any delay in responding will not be a waiver of Wilmington Savings to enforce its rights should the Kennedys fail to timely pay the allowed fees and expenses. If you have any questions, please call.

With best regards, I am

                                          Yours very truly,
                                          HUTCHENS LAW FIRM LLP

                                          William Walt Pettit

WWP/drs



# HUTCHENS LAW FIRM

## HIGH PERFORMANCE LAW™

**William Walt Pettit | Managing Partner, Attorney at Law**
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC
6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

**VIA EMAIL**
(henderson@title11.com)

February 22, 2024

James H. Henderson, Esq.
The Henderson Law Firm
1120 Greenwood Cliff
Charlotte, NC 28204

RE: Calvin Ray Kennedy a/k/a C. Ray Kennedy and Cynthia M Kennedy
Case No.: 20-30208 (Chapter 11)

Dear Jim:

As you are aware, we represent Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II in the above matter. I have attached a proposed letter/notice which I am required to send to Mr. and Mrs. Kennedy. Since I am ethically prohibited from contacting your clients, I am sending this letter to you as their counsel. If you desire for me to forward this letter/notice directly to them, please let me know.

With best regards, I am

Very truly yours,
HUTCHENS LAW FIRM LLP

William Walt Pettit

WWP/ drs
Enclosures

EXHIBIT 3

\\hsb-FILE\ushare\Bankruptcy\PHH\Kennedy, Calvin 20-30208 NC W\Henderson - enforce atty fee ltr.docx



## HIGH PERFORMANCE LAW™

William Walt Pettit | Managing Partner, Attorney at Law
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC

6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

February 23, 2024

Calvin Ray Kennedy
4324 Satterwythe Lane
Charlotte, NC 28215

Cynthia M. Kennedy
4324 Satterwythe Lane
Charlotte, NC 28215



RE: Default under terms of Note, Loan and Security Agreement, Deed of Trust and Second Amended Plan of Reorganization and Order Confirming Plan of Reorganization

Dear Mr. and Mrs. Kennedy:

As you are aware, we represent Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II ("Wilmington Savings") regarding the above matter. As you are also aware, Wilmington Savings is the owner and holder of a Promissory Note, Loan and Security Agreement, Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing which granted a first lien on two tracts of improved real property located in Charlotte, Mecklenburg County, North Carolina.

As previously noted, there have been a number of defaults under the Promissory Note, Loan and Security Agreement and Second Amended Plan of Reorganization and Order Confirming Plan of Reorganization. Based on these defaults, Wilmington Savings provides notice that it will enforce the provisions of the Promissory Note and Loan and Security Agreement relative to the payment of attorneys' fees. Accordingly, you have five (5) days from the date of this letter/notice, pursuant to N.C.G.S. § 6-21.2(2), to cure each default. Otherwise, Wilmington Savings will be entitled to have an recover its reasonable attorneys' fees of up to fifteen (15) % of the balance due.

   This letter is also to inform you that the Promissory Note and Loan and Security Agreement also allow for the recovery of interest at the default interest rate upon the event of a default. This letter is to inform you that Wilmington Savings invokes its right to recover the default rate of interest which is equal to the current interest rate plus four (4) percentage points.

               Very truly yours,
               HUTCHENS LAW FIRM LLP

               William Walt Pettit

WWP/drs



## HIGH PERFORMANCE LAW™

William Walt Pettit | Managing Partner, Attorney at Law
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC

6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

<u>**VIA EMAIL AND REGULAR MAIL**</u>

March 11, 2024

Calvin R. Kennedy
4324 Satterwythe Lane
Charlotte, NC 28215
Email: raykennedy@ramsey-peele.com

Cynthia M. Kennedy
4324 Satterwythe Lane
Charlotte, NC 28215
Email: cykennedy@valueinnovationtech.com

ucdc88@gmail.com

James H. Henderson
henderson@title11.com



RE:   Notice of Default and Acceleration of Balance Due Under Note dated September 26, 2017

Dear Mr. and Mrs. Kennedy:

As you are aware, we represent Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II ("Wilmington Savings") in the Chapter 11 proceeding filed by you. The Second Amended Plan was confirmed by the Order Confirming Plan of Reorganization entered on January 28, 2022.

By prior letters dated February 9, 2024 and February 15, 2024, Wilmington Savings provided written notice of various defaults under the Promissory Note, Loan and Security Agreement and Deed of Trust (collectively "Loan Documents"). These defaults specifically included the following:

1. That you have failed to pay the allowed attorneys' fees and expenses in the total sum of $71,627.85 on or before February 7, 2024 and to cure that default within the ten day cure period or on or before February 29, 2024 (see paragraph 3.2(e) of Second Amended Plan of Reorganization);
2. That you failed to provide immediate written notice to Wilmington Savings of the damage to 16701 Northcross Drive, Charlotte, North Carolina ("Northcross Property") in June, 2023 (see Sections 5.02(a)(1) and 9.02(b)(4) of the Loan and Security Agreement);
3. That you have failed to provide immediate written notice to Wilmington Savings of your receipt of all insurance proceeds and to deliver those proceeds to Wilmington Savings in accordance with my letter dated February 15, 2024 (see Section 9.02(b)(6) of the Loan and Security Agreement);
4. That you failed to provide a copy of all contracts and work orders related to the repair to the Northcross Property (see Sections 5.02(a)(1) and (b)(1) and 6.02(b)(6) of the Loan and Security Agreement);
5. That you failed to permit Wilmington Savings or its representatives to inspect the Northcross Property during normal business hours (see Section 6.02(d)(1) of the Loan and Security Agreement);
6. That you have failed to provide notice to Wilmington Savings of the civil action filed by Rumsey Construction and Renovation, LLC against you involving the Northcross Property (see Sections 4.02(f), 5.02(a)(1) and 6.02(b)(5) of the Loan and Security Agreement);
7. That you permitted the creation and existence of a materialman's lien filed by Rumsey Construction and Renovation, LLC (see Section 11.02(a)(2) of the Loan and Security Agreement).

Each event of default allows Wilmington Savings to declare the Note and Guaranty in default and accelerate the balance due. Some of these events of default required written notice to you and an opportunity to cure the same. For each default that required a notice or an opportunity to cure the same, you received written notice to cure such defaults but failed to cure or remedy the defaults within that time. There may be other events of default which Wilmington Savings is not aware. Thus, Wilmington Savings reserves the right to include additional events of default upon acquiring notice of the same.

Based on the foregoing, Wilmington Savings hereby notifies you that it has accelerated the outstanding balance due under the Note, Loan and Security Agreement and Guaranty and hereby makes demand upon you for payment for this sum. Upon your failure to pay this amount within the next five (5) days from the date of this letter, Wilmington Savings provides notice that it may file a civil action to collect the balance due and/or a special proceeding to foreclose on the real property.

The Note contains provisions obligating you to pay the attorneys' fees of Wilmington Savings if the account is referred to an attorney. Notice is hereby given that the provisions relating to the collection of attorneys' fees shall be enforced. Pursuant to N.C.G.S. § 6-21.2, you have five (5) days from the date of this letter/notice to pay the outstanding balance to avoid the assessment of reasonable attorneys' fees up to 15% as provided in the Note and pursuant to the aforementioned statute.

Any delay in proceeding to enforce its right hereunder shall not reinstate the Note and/or constitute a waiver of any event of default. Any payments received after the date of this letter will be applied to the Note but this will not reinstate or otherwise waive this notice or the defaults hereunder. Please be governed accordingly.

Yours very truly,<br>
HUTCHENS LAW FIRM LLP<br>
<br>
William Walt Pettit

WWP/drs
cc:     Ramsey-Peele Corporation

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

CALVIN RAY KENNEDY a/k/a
C. RAY KENNEDY and
CYNTHIA M. KENNEDY,

CASE NO. 20-30208
CHAPTER 11

Debtors.

## CERTIFICATE OF SERVICE

I, William Walt Pettit, attorney of record for Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II, hereby certify that on the __15__ day of March, 2024, I served a copy of the Response to Debtors' Motion Pursuant To 11 U.S.C. § 1127(e) and (f) For Order Modifying Confirmed Plan, et al. by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

Calvin Ray Kennedy
a/k/a C. Ray Kennedy
Cynthia M. Kennedy
4324 Satterwythe Lane
Charlotte, NC 28215

James H. Henderson, Esq.
(by ECF service)

Shelley K. Abel, Esq.
U.S. Bankruptcy Administrator's Office
(by ECF service)

Stacy Cordes, Esq.
(by ECF service)

HUTCHENS LAW FIRM, LLP
Attorneys for Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II

By:_____
William Walt Pettit
NC Bar No.: 9407
6230 Fairview Road, Suite 315
Charlotte, N.C. 28210
Telephone: (704) 362-9255
Email: walt.pettit@hutchenslawfirm.com

7